IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TISHA HENDERSON, §<br>  PLAINTIFF, §<br> §<br>V. §<br> §<br>UNITED STATES PATENT AND §<br>TRADEMARK OFFICE, §<br>  DEFENDANT. § | CASE NO. 3:21-CV-296-E-BK |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management. The Court now considers *Defendant's Motion to Dismiss*. Doc. 3. Upon review, the motion should be **GRANTED**.

I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this suit in state court, requesting all intellectual property related documents listed under Plaintiff's name or "FCC ID" number in Defendant's possession. Doc. 1-1; Doc. 1-5 at 1. As an agency of the United States, Defendant removed the case to federal court, Doc. 1 at 2, and now moves to dismiss. Doc. 3 at 1. Plaintiff has not responded to Defendant's motion, despite a court order directing her to do so if she was opposed to the dismissal of her case. Doc. 8.

II. APPLICABLE LAW

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction, *see* FED. R. CIV. P. 12(b)(1), and a complaint must be dismissed if subject-matter jurisdiction is lacking. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir.

2012). In determining whether a complaint should be dismissed for lack of subject-matter jurisdiction, the court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

"A plaintiff may only sue the United States if a federal statute explicitly provides for a waiver of sovereign immunity. The United States must consent to be sued, and that consent is a prerequisite to federal jurisdiction." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d at 287 (citing *Delta Commercial Fisheries Ass'n v. Gulf of Mex. Fishery Mgmt. Council*, 364 F.3d 269, 273 (5th Cir.2004)). When determining whether sovereign immunity has been waived, the government's consent to suit will not be implied, even for a *pro se* plaintiff, and will be strictly construed in favor of immunity. *Lane v. Pena,* 518 U.S. 187, 192 (1996).

## II.   ANALYSIS

Defendant argues the Court lacks subject matter jurisdiction to hear this case because sovereign immunity and derivative jurisdiction bar Plaintiff's claims. Doc. 3 at 1. Specifically, Defendant contends Congress has not allowed claims like Plaintiff's against it, and even if Congress did waive Defendant's sovereign immunity, the Court should still dismiss Plaintiff's claims based on the derivative jurisdiction doctrine. Doc. 3 at 2-3.

**A.  Lack of Subject Matter Jurisdiction: Sovereign Immunity**

*Pro se* complaints must be held to a less rigorous standard than pleadings prepared by lawyers. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1122 (5th Cir. 1987). However, even under the most liberal construction, Plaintiff's fails to establish the United States' waiver of sovereign immunity.

Although Plaintiff demands "all documentation pertaining to any utility patents, design patents, trade secrets, or any intellectual property" under her name or ID be released to her, Doc. 1-5 at 1-2, she identifies no common law or statutory cause of action that would afford her such relief. Without identification of a statute explicitly waiving Defendant's sovereign immunity, Plaintiff's claim, such as it is, falls outside the jurisdiction of this Court. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d at 286. Because Plaintiff has failed to meet her burden to establish jurisdiction, her claim should be dismissed. *See Freeman*, 556 F.3d at 334.

**B. Leave to Amend**

"As a general rule, a court should not dismiss a *pro se* complaint without affording the plaintiff the opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). As mentioned previously, however, Plaintiff failed to respond Defendant's motion to dismiss and to the court order specifically requiring her to do so or face dismissal. Indeed, there has been no activity in this case since the Court's order to respond. Under these circumstances, granting leave to amend would be futile and cause needless delay.

## IV. CONCLUSION

*Defendant's Motion to Dismiss*, Doc. 3, should be **GRANTED**. Plaintiff's claim(s) should be **DISMISSED WITH PREJUDICE** and this case closed.

**SO RECOMMENDED** on September 1, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).